Date Signed:
April 6, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WAI YIN LAM,<br><br>      Debtor. | Case No. 18-00888<br>Chapter 7<br><br>Re: Docket No. 226 |

## ORDER DENYING LAW OFFICES OF
## DAVID F. DAY'S MOTION TO QUASH SUBPOENA

On March 30, 2020, at 10:30 A.M, this court held a continued hearing on the Law Offices of David F. Day's motion to quash a subpoena served by Rich Sea Corp. ("RSC"). For the reasons stated below, the motion is hereby DENIED.

The Law Offices of David F. Day ("the Day firm") filed a proof of claim in this case on March 18, 2019 in the amount of $345,536.50 for legal services provided to Debtor Wai Yin Lam in her personal capacity and to Zhong Hui Investment, LLC ("ZHI"), which the Debtor managed. On October 30, 2019, the Day firm reduced its claim against the Debtor's estate to $85,000.

On December 31, 2019, the court entered an order granting the chapter 7

trustee's motion to approve a settlement agreement.[1] Under the agreement, RSC purchased the bankruptcy estate's interests in certain real property and its ownership interest in ZHI in exchange for settlement of the Debtor's claims against RSC. Some of the properties that RSC purchased from the estate were subject to an attorney's lien held by the Day firm.

On December 23, 2019, RSC served a subpoena on the Day firm, seeking documents related to the firm's representation of ZHI and the Debtor.

On January 10, 2020, the Day firm filed a motion to quash RSC's subpoena.[2] At the first hearing on February 24, 2020, the Day firm was instructed to submit a declaration identifying the various matters in which the firm represented Lam and ZHI, both jointly and separately. David F. Day submitted the requested declaration on March 12, 2020. At the continued hearing on March 30, Mr. Day appeared on behalf of the Day firm, Matthew Shannon appeared for Rich Sea Corp, and Enver Painter appeared as special counsel for Trustee Dane S. Field.

The Day firm argues that it cannot comply with the subpoena without written waivers of the attorney-client privilege from both Lam and RSC. This would be correct if RSC were using the subpoena to obtain records belonging to a third party. But here RSC is acting as a representative of ZHI, a client of the Day firm, and seeks

---

[1] Dkt. 222.

[2] Dkt. 226.

records related to the Day firm's representation of ZHI. ZHI, the Day firm's client, need not waive the privilege in order to obtain records from its attorney. In fact, the client is the owner of those records.[3]

In this case, the Day firm represented both ZHI and Lam, but this does not materially change the analysis. If a lawyer simultaneously represents two clients, both clients jointly own the files.[4] Therefore, Lam's trustee owns all of the files for the matters where the Day firm represented only her, ZHI owns all of the files for the matters where the Day firm represented only ZHI, and Lam's trustee and ZHI jointly own all files for joint representation matters.

The Day firm argues that compliance with the subpoena imposes "an extreme burden and expense" on it.[5] This would be a legitimate argument if this were a discovery subpoena, but it is not. A lawyer must give the client's files to the client upon request and without charge.[6]

---

[3] Haw. R. Prof. Conduct 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled[.]"); *see id.* cmt. 10 (listing four exceptions to the general rule that "[t]he papers to which a client is entitled upon termination of representation may include all documents in the lawyer's file[.]").

[4] *See In re Crescent Res., LLC*, 457 B.R. 506 (Bankr. W.D. Tex. 2011). As to the matters in which the Day firm represented both Lam and ZHI, neither Lam nor ZHI can claim a privilege against the other. *Id.* Mrs. Lam has not asserted any privilege personally, so I assume that her trustee is the holder of her privilege.

[5] Dkt. 227 at 5.

[6] *In re X.Y.*, 529 N.W.2d 688, 690 (Minn. 1995) ("The file belonged to the client and was appropriately returned to her upon her request. However, any copying expenses that were incurred

3

The Day firm complains that it will be burdensome and time-consuming to identify and produce all emails and text messages related to the representations. This ignores the attorney's duty to maintain files in a manner that makes it possible to turn them over promptly,[7] and that electronic records (such as emails and text messages) belong to the client just the same as paper files.[8] If a lawyer fails to maintain records in such a manner, the client should not suffer.[9]

Accordingly, the Law Offices of David F. Day's motion to quash subpoena is hereby DENIED.

END OF ORDER

---

were for the benefit of X.Y., not the client. Therefore, . . . X.Y.'s attempt to collect copy costs violated Minn. R. Prof. Conduct 1.16( d).").

[7] *See Attorney Grievance Comm'n of Maryland v. London*, 47 A.3d 986, 1001 (Md. App. 2012); *Attorney Grievance Comm'n v. Sapero*, 969 A.2d 483, 498 (Md. App. 2007).

[8] Haw. R. Prof. Conduct 1.0(o) ("'Writing' . . . denotes a tangible or electronic record of a communication or representation, including handwriting, typewriting, printing, photostating, photography, audio or video recording, and e-mail."). *See also* CA Eth. Op. 2007-174, 2007 WL 2461914, at *3 (Cal. St. Bar Comm. Prof. Resp. 2007) ("'[C]lient papers and property' is not a 'static' 'concept,' but rather one whose 'content will change depending upon circumstances,' covering items in electronic form as well as non-electronic form.").

[9] *See London*, 47 A.3d at 1001; *Sapero*, 969 A.2d at 498.

U.S. Bankruptcy Court - Hawaii   #18-00888   Dkt # 281   Filed  04/06/20   Page 4 of 4