Date Signed:
April 6, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No.: 18-00888 |
|---|---|
| WAI YIN LAM, | Chapter 7 |
| Debtor. | Re: Docket No. 259 |

ORDER GRANTING RICH SEA
CORPORATION'S MOTION TO EXPUNGE LIEN

Creditor Rich Sea Corporation's ("RSC") motion to expunge the Law Office of David F. Day's recorded lien against properties owned by Zhong Hui Investment LLC ("ZHI"), came on for hearing on March 30, 2020, at 2:00 p.m. Matthew C. Shannon, Esq. appeared for the movant RSC; Enver W. Painter, Jr., Esq. appeared for trustee Dane S. Field, who was also present; and David F. Day, Esq. appeared on behalf of the Law Office of David F. Day (the "Day firm"). No other parties appeared.

Pursuant to a settlement agreement reached between RSC and the trustee, ZHI

bought the estate's interest in certain real properties, so ZHI has 100% ownership.[1] RSC has also acquired the estate's membership interest in ZHI, which makes RSC the sole owner of ZHI.[2] The properties are encumbered by a lien in favor of the Day firm for unpaid legal work performed for the debtor and ZHI. RSC seeks a determination that the lien is invalid.

RSC filed a motion to expunge the lien as a contested matter under rule 9014.[3] Rule 7001(2) provides that the determination of "the validity, priority or extent of a lien, or other interest of property" must be sought in an adversary proceeding.[4] But this procedural requirement is subject to waiver. In general, "the determination of the validity of a lien without an adversary proceeding is 'void.'"[5] However, this right to an adversary proceeding can be waived. A rule 7001(2) issue "requires an adversary proceeding, absent waiver or harmless error . . .."[6] A party has waived the right to an

---

[1] The debtor's interest in real properties transferred to ZHI under the settlement agreement are located at: 725 Laukaha Street, #B, Honolulu, Hawaii; 755 Laukaha Street, Honolulu, Hawaii; and 2006 Keeaumoku Street, Honolulu, Hawaii.

[2] Dkt. 222.

[3] Rule 9014, Fed. R. Bankr. P.

[4] Rule 7001(2), Fed. R. Bankr. P.

[5] *Cogliano v. Anderson* (*In re Cogliano*), 355 B.R. 792, 805 (B.A.P. 9th Cir. 2006) (citation omitted).

[6] *Id.* at 806; *See also, Starky v. Birdsell* (*In re Starky*), 522 B.R. 220, 228-29 (B.A.P. 9th Cir. 2014)(where the appellate court held that the trustee's uncontested order objecting to debtors exemptions and subsequent motion demanding turnover of "property of the estate" should have been brought as an adversary proceeding under rule 7001(2). However, the debtors lack of a response to the motion and the trustee's method of proceeding by way of rule 9014 did not

2

U.S. Bankruptcy Court - Hawaii   #18-00888   Dkt # 282   Filed  04/06/20   Page 2 of 4

adversary proceeding if the party was "advised of [and had] the opportunity to address all the issues being decided."[7]

In this case, the Day firm was appropriately served with the motion and was afforded its due process rights. It was not deprived of notice or an opportunity to be heard. As a seasoned attorney, Mr. Day was aware of the issues set forth in the motion to expunge the lien but failed to file a written response. The Day firm's failure to respond to the motion and to argue its right to an adversary proceeding, at the hearing, constitutes a waiver.

RSC argues that the lien should be expunged because the Day firm did not comply with rule 1.8(a) of the Hawaii Rules of Professional Conduct:[8] the Day firm did not inform the debtor or ZHI that they should seek independent counsel, provide

---

prejudice the debtors and was otherwise harmless error).

[7] *Ung v. Boni* (*In re Boni*), 240 B.R. 381, 386 (B.A.P. 9th Cir. 1999).

[8] Haw. R. of Prof. Conduct 1.8(a)(1) states:

A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner which can be reasonably understood by the client;
(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in the transaction; and
(3) the client consents in writing to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

U.S. Bankruptcy Court - Hawaii   #18-00888   Dkt # 282   Filed  04/06/20   Page 3 of 4

written notice of its intent to place a lien on the clients' property, and obtain written consent from the client to do so. The Day firm admits this was not done. However, the firm argues that rule 1.8(a) does not apply, that rule 1.8(i) applies instead, and that rule 1.8(i) does not require written notice, written consent, or time to consult independent counsel.[9] The Day firm is incorrect. Rule 1.8(a) applies because the Day firm took a security interest in its clients' property in a business or financial transaction.[10] The firm did not recover the properties for its clients; the debtor and ZHI owned the assets before they signed their promissory note to the law firm. Therefore, the firm was required to comply with rule 1.8(a), prior to recording its lien, and the firm admittedly did not. As a result, the lien is invalid.

For these reasons,

IT IS HEREBY ORDERED that the motion to expunge lien filed by RSC is GRANTED.

## END OF ORDER

---

[9] Haw. R. Prof. Conduct 1.8(i) states:

A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for the client, except that the lawyer may:
    (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and
    (2) contract with a client for a reasonable contingent fee in a civil case.

[10] "When a lawyer acquires by contract a security interest in property other than that recovered through the lawyer's efforts in the litigation, such an acquisition is a business or financial transaction with a client and is governed by the requirements of paragraph (a)." Haw. R. Prof. Conduct 1.8 cmt. 16, *Acquiring Proprietary Interest in Litigation*. *Wagner Choi & Evers v. Woo* (*In re Worldpoint Interactive, Inc.*), 2005 WL 6960239 *10 (B.A.P. 9th Cir. June 28, 2005).