Date Signed:
May 26, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WAI YIN LAM,<br><br>               Debtor. | Case No.: 18-00888<br>Chapter 7<br><br>Re: Docket No. 285 |

ORDER DENYING
RECONSIDERATION OF ORDER EXPUNGING LIEN

The court entered an order[1] expunging a lien claimed by the Law Office of David F. Day (the "Day Firm") against properties owned by Zhong Hui Investment LLC ("ZHI"). The Day Firm seeks reconsideration of that order.[2] For the following reasons, I will deny the motion for reconsideration.

The relevant historical facts are undisputed. The Day Firm provided legal services to debtor Wai Yin Lam and ZHI. These services included representation of

---

[1] Dkt. 282.

[2] Dkt. 285.

Ms. Lam and ZHI in litigation to enforce an agreement of sale under which the clients claimed the right to purchase property located at 3411 and 3411A Harding Avenue, Honolulu, Hawaii. The Day Firm also represented Ms. Lam and ZHI in a collection action filed by their former attorney and the prosecution of a counterclaim against the attorney. The counterclaim asserted that the attorney had committed malpractice in connection with the Harding Avenue properties.[3]

The Day Firm drafted a promissory note which Ms. Lam signed on behalf of herself and ZHI. The note evidenced Ms. Lam's and ZHI's promise to pay $300,000.00 to the Day Firm. The Day Firm says that this amount represented unpaid legal fees for various matters, including the Harding Avenue litigation and the action against the former attorney. The promissory note says that it is "secured by mortgage of assets held by makers," including six parcels of real estate identified by street address and tax map key number. These properties included the Harding Avenue properties. The promissory note was recorded in the real estate records, although no mortgage was ever signed or recorded.

The Day Firm admits that it did not (a) inform its clients (Ms. Lam and ZHI) that they should seek independent counsel, (b) provide written notice of its intent to place a lien on the clients' property, or (c) obtain written consent from the clients to do so.

---

[3] Dkt. 285-5.

U.S. Bankruptcy Court - Hawaii    #18-00888    Dkt # 307    Filed 05/26/20    Page 2 of 7

The recorded promissory note in favor of the Day Firm affects title to the properties. Rich Sea Corp. ("RSC") on behalf of ZHI, seeks a determination that the lien is invalid. I granted this request, and the Day Firm seeks reconsideration on two grounds, one procedural and one substantive.

First, the Day Firm argues that I should have required RSC to file a complaint commencing an adversary proceeding, rather than a motion commencing a contested matter under rule 9014.[4] It is true that rule 7001(2) provides that the determination of "the validity, priority or extent of a lien, or other interest of property" must be sought in an adversary proceeding.[5] But, as I observed in my prior decision, this procedural requirement is subject to waiver.[6] A party has waived the right to an adversary proceeding if the party was "advised of [and had] the opportunity to address all the issues being decided."[7]

The Day Firm was appropriately served with the motion and had an ample opportunity to be heard. It claims that the trustee's counsel told Mr. Day shortly before the Day Firm's opposition was due that the trustee intended to file an adversary proceeding. The trustee's counsel acknowledges this conversation, and the trustee in

---

[4] Fed. R. Bankr. P. 9014.

[5] Fed. R. Bankr. P. 7001(2).

[6] *Cogliano v. Anderson* (*In re Cogliano*), 355 B.R. 792, 805-06 (B.A.P. 9th Cir. 2006) (citation omitted).

[7] *Ung v. Boni* (*In re Boni*), 240 B.R. 381, 386 (B.A.P. 9th Cir. 1999).

3

fact commenced an adversary proceeding. But the Day Firm's decision simply to ignore RSC's motion, rather than file a timely response, is inexcusable and amounts to a waiver.

Moreover, proceeding under rule 9014 rather than rule 7001 did not prejudice the Day Firm. The Day Firm has not identified a single fact that is both disputed and relevant to the legal issues.[8] The Day Firm does not contend that it needs to conduct discovery or avail itself of any of the more elaborate procedures of an adversary proceeding. It does not identify a single legal argument that it could make in an adversary proceeding but has not made.

Therefore, I will not change my decision that the Day Firm waived its right to insist on an adversary proceeding rather than a motion.

The Day Firm's substantive argument is that part of its lien is valid despite its breach of the rules of attorney ethics. The Day Firm admits that it did not comply with rule 1.8(a) of the Hawaii Rules of Professional Conduct ("HRPC"):[9] the Day

---

[8] The Day Firm says that Ms. Lam suggested the idea of the promissory note. I assume for purposes of this decision that this assertion is true, but it is not relevant. Nothing in the relevant ethical rules suggest that client-initiated transactions are treated any differently than attorney-initiated transactions.

[9] Haw. R. Prof. Conduct 1.8(a)(1) states:

A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner which can be reasonably understood by the client;
(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in the

Firm took a security interest adverse to its clients, yet did not inform the debtor or ZHI that they should seek independent counsel, did not provide written notice of its intent to place a lien on the clients' property, and did not obtain written consent from the clients to do so. The Day Firm claims, however, that HRPC 1.8(i) saves its security interest in the Harding Avenue properties. That rule provides (in relevant part) that "a lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for the client, except that the lawyer may . . . acquire a lien authorized by law to secure the lawyer's fee or expenses . . . ." According to the Day Firm, this rule permitted the firm to take a security interest in the Harding Avenue property to secure the fees it earned in the litigation to enforce the clients' agreement of sale. (The firm correctly points out that, unlike HRPC 1.8(a), HRPC 1.8(i) does not require written notice, written consent, or time to consult independent counsel.)[10]

    I do not accept this argument. The Day Firm concedes that it did not comply with HRPC 1.8(a) and that its lien on the other properties is invalid.[11] In effect, the

---

              transaction; and
(3)     the client consents in writing to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

    [10] The trustee argues that HRPC 1.8(i) does not apply to contractual security interests. This is incorrect. "[P]aragraph (i) sets forth exceptions for liens authorized by law to secure the lawyer's fees or expenses and contracts for reasonable contingent fees. The law of each jurisdiction determines which liens are authorized by law. These may include liens granted by statute, liens originating in common law, and liens acquired by contract with the client." HRPC 1.8 cmt. 16.

    [11] "When a lawyer acquires by contract a security interest in property other than that recovered through the lawyer's efforts in the litigation, such an acquisition is a business or financial

firm asks me to save it from some of the consequences of its unethical transaction with its clients, because it could have done a narrower deal without violating the rules of professional conduct. It would not be appropriate to give the Day Firm the benefits it could have obtained had it complied with the rules of professional conduct, even though it admittedly did not comply with those rules.

    The Day Firm further claims that the lien on the Harding Avenue properties should secure the fees earned, not only in the agreement of sale litigation, but also in the malpractice litigation. According to the Day Firm, Ms. Lam told the firm that she intended to use the proceeds of that litigation to help pay for those properties. I need not reach this argument because I hold that the Day Firm is not entitled to any lien. Regardless, I would not hold that the lien covers the fees in the malpractice litigation. HRPC 1.8(i) pertains to an attorney's interest "in the cause of action or subject matter of litigation the lawyer is conducting for the client . . . ." The cause of action in the malpractice case was the malpractice claims, not any claim to the Harding Avenue properties; the subject matter was (at most) the monetary recovery the clients hoped to receive in that litigation, not the property on which the clients hoped to spend that money. The Day Firm's construction of HRPC 1.8(i) is far too broad. For example, many personal injury plaintiffs probably hope to make a recovery so they can pay the mortgage on their residence; but no one could argue with a straight face that the

---

transaction with a client and is governed by the requirements of paragraph (a)." *Id. See also Wagner Choi & Evers v. Woo* (*In re Worldpoint Interactive, Inc.*), 2005 WL 6960239 *10 (B.A.P. 9th Cir. June 28, 2005).

6

U.S. Bankruptcy Court - Hawaii   #18-00888   Dkt # 307   Filed 05/26/20   Page 6 of 7

attorney could claim a lien on the plaintiff's home.

For these reasons, the Day Firm's motion for reconsideration is DENIED.

### END OF ORDER